2002 OK CIV APP 71

**Wanda WEBSTER, Petitioner,**

v.

**INTEGRIS BASS HOSPITAL, Own Risk, and The Workers' Compensation Court, Respondents.**

No. 96,512.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 7, 2002.

Walt Brune, Walt Brune, P.C., and Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, OK, For Petitioner.

Lori R. Roberts, Integris Health, Inc., Oklahoma City, OK, For Respondent Integris Bass Hospital.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶ 1 Petitioner Wanda Webster seeks review of an order of the Workers' Compensation Court which found that charges for certain medications prescribed by an unauthorized physician were not reimbursable under 85 O.S.Supp.2000 § 14(G). Respondent Integris Bass Hospital (Employer) asserts that the trial court's order is correct. Because we find no basis in § 14(G) for the denial of reimbursement for prescription medications, we vacate the order and remand for proceedings consistent with this opinion.

¶ 2 Webster filed her Form 3 December 14, 1999. She claimed that she injured her back, neck, left shoulder, and left arm while lifting laundry while working for Employer. The trial court's order determining compensability and awarding temporary total disability (TTD) benefits was filed May 15, 2000. That order provided in part that "respondent shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury."

¶ 3 Webster later sought an order that Employer pay $1443 for medical treatment she received from Enid Therapy Center. The Workers' Compensation Court entered an order March 22, 2001, in which it ordered

Employer to pay $500 to "Enid Physical Therapy." The order indicated that the reduced amount of the award was because Webster "is in a certified workplace medical plan and Enid Physical Therapy is an unauthorized medical provider."[1]

¶ 4 The Workers' Compensation Court entered an order April 6, 2001 which awarded PPD benefits. That order also provided, in paragraph 9, that Employer shall provide Webster with "continuing medical care, in the nature of prescription medication, with Dr. Robert Rivers,[2] including reasonable and necessary office visits to monitor same. This continuing benefit will be reviewed annually...." Paragraph 10 ordered Employer to pay all reasonable and necessary medical expenses incurred by Webster as a result of her compensable injury.

¶ 5 Webster then filed her Form 9, seeking trial on the issue of payment of $680.94 to Toni's Westside Healthmart, plus attorney fees. The Workers' Compensation Court entered its order June 20, 2001, in which it held that Webster "was enrolled in a Certified Work Plan and was treating with a plan physician simultaneous with her seeking treatment by Dr. Richard Rivers, who was unauthorized." That order also provided that "the prescriptions ordered by Dr. Rivers and filled at Toni's Westside Pharmacy are therefore not covered under the Workers' Compensation Act." The court also found that 85 O.S.1991 § 14(G) "allows for payment to providers such as diagnostic facilities and Allied Health providers," but that the statute does not include pharmacies who fill prescriptions from unauthorized physicians. The court therefore denied the request for payment to Toni's Westside Pharmacy. Webster seeks review of this order.

¶ 6 Webster argues that the question on review is "whether or not a request for reimbursement of prescription medication ordered by an unauthorized physician falls within the medical provisions" in § 14. However, because the trial court expressly based its denial on § 14(G), we limit our review to whether § 14(G) afforded a basis on which to deny the prescription reimbursement. We have found no cases interpreting § 14(G). That subsection states:

> If the employee chooses a physician for treatment and subsequently changes physicians without the prior approval of the Court or Administrator except when prior approval is waived for good cause shown, or without agreement of the parties, the maximum liability of the employer for the aggregate expenses of all such subsequent physicians shall be Five Hundred Dollars ($500.00). Provided, the limitations shall not apply to referrals by the treating physician for treatment or diagnostic procedures.

The question is whether the limitation for physician expenses also applies to prescriptions ordered by the physician. We find nothing in § 14(G) that supports the denial of prescription reimbursement. Section 14(G) limits the employer's liability for "the aggregate *expenses of all such subsequent physicians*" (who are unauthorized). This language refers only to payments for doctor's bills, not medication.[3]

¶ 7 Because we have determined that the trial court erred in finding that § 14(G) prohibits reimbursement for medicines prescribed by an unauthorized physician, we VACATE the trial court's order and RE-

1. Title 85 O.S.Supp.2000 § 14(G) provides:
    If the employee chooses a physician for treatment and subsequently changes physicians without the prior approval of the Court or Administrator except when prior approval is waived for good cause shown, or without agreement of the parties, the maximum liability of the employer for the aggregate expenses of all such subsequent physicians shall be Five Hundred Dollars ($500.00). Provided, the limitations shall not apply to referrals by the treating physician for treatment or diagnostic procedures.

2. Apparently this is a scrivener's error and the order actually refers to Dr. Richard Rivers.

3. Respondents suggest allowing payment of prescriptions ordered by unauthorized physicians will encourage doctor shopping which § 14(6) is intended to discourage. We fail to see how the payment for prescriptions to a third-party pharmacist, which are otherwise found to be necessary and proper for a covered injury, will encourage doctor shopping.

MAND for proceedings not inconsistent with this opinion.

JOPLIN, V.C.J., and JONES, J., concur.